**JING LIANG JIANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–5004–AG.**

United States Court of Appeals,
Second Circuit.

Feb. 1, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

David N. Kelley, United States Attorney for the Southern District of New York, Jim M. Greenlee, United States Attorney for the Northern District of Mississippi, John E. Gough, Jr., Assistant United States Attorney, Oxford, Mississippi, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jing Liang Jiang, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed that decision without opinion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ found that Jiang was inconsistent as to whether the government actually detained him for violating the family planning policy, and the record supports this finding. Despite Jiang's arguments that his detention is not relevant to his claim, Jiang's inconsistency goes to whether the family planning officials were actually seeking to punish him for violating the policy. The IJ also correctly noted that Jiang's testimony is inconsistent and unclear as to why he was unable to pay a fine imposed for violating the family planning policy, considering his ability to borrow a large amount to pay his expenses to travel to the United States and the fact that paying the fine would have kept the government from sterilizing him or his wife. Insofar as Jiang offered an explanation for the inconsistency, the IJ properly considered his testimony under *Cao He Lin v. Gonzales*, 428 F.3d 391, 403 (2d Cir.2005) (citing *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149–50 (2d Cir.2003)). An IJ is not obligated to accept an applicant's explanation for an inconsistency, and this Court can overturn the IJ's determination only if a reasonable fact-finder would have been compelled to credit the explanation. *Ma-*

*jidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (citing *Zhang,* 386 F.3d at 76). In this case, the IJ properly determined that Jiang's explanation does not make sense, and no reasonable adjudicator would have been compelled to determine otherwise.

Jiang submitted an abortion certificate into evidence, but the IJ refused to give it any weight because it was not authenticated under 8 C.F.R. § 287.6. The IJ required authentication because she noted that there is a high level of fraud relating to documents from the Fujian province and the U.S. Department of State country report for China indicates that there is no record of that government issuing abortion certificates for forced abortions. Even if the IJ erred in not explaining how the certificate could have been authenticated, the IJ has the authority to request that documents be authenticated when there is a conflict with the State Department Reports. *See Yan Chen v. Gonzales,* 417 F.3d 268, 274–75 (2d Cir.2005); *see also Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004).

The IJ also decided to give only little weight to Jiang's wife's statement confirming a forcible abortion because it was not written under oath. Because an IJ generally has discretion in weighing the evidence, we cannot conclude that this decision evidences abuse of that discretion. Jiang submitted several other documents with his application, but none of the other documents went to prove whether his wife underwent a forced abortion. Therefore, the IJ properly determined that Jiang was not entitled to relief from removal because he failed to testify credibly as to his claim of persecution and had failed to corroborate his claims. *See Zhou Yun Zhang v. INS,* 386 F.3d at 71.

Because the IJ properly determined that Jiang failed to meet his burden for his asylum claim, the IJ also properly determined that Jiang failed to meet the higher standard required for withholding of removal. Because Jiang did not sufficiently address the denial of his CAT claim in his brief to this Court, any challenge to this form of relief is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005); *see also Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).